UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAPHENE C. ADAMSON-JAMES,

    Plaintiff,

v.                                      Case No.  6:11-cv-628-Orl-36TBS

FLORIDA DEPARTMENT OF
CORRECTIONS, EDITH DECICCO,
BARBARA SCALA and JOHN DOES 1-10,

    Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Motion and Incorporated Memorandum to Strike Defendants' Motions to Dismiss -- Failure to Comply with Local Rules. (Doc. 66). Defendants, Edith DeCicco, Barbara Scala, State of Florida Department of Corrections and Edward G. Buss have motioned the Court to dismiss Plaintiff's third amended complaint. (Docs. 64 & 65). Plaintiff believes the motions to dismiss should be stricken because they do not comply with Local Rules 3.01(a), (f) and (h) (Doc. 66).

The pertinent sections of Local Rule 3.01 provide:

> (a)  In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.
>
> * * *
>
> (f) All applications to the Court (I) requesting relief in any form, or (ii) citing authorities or presenting argument with respect to any matter awaiting decision, shall be made in writing (except as provided in Rule 7(b) of the Federal Rules of civil Procedure)

> in accordance with this rule and in appropriate form pursuant to Rule 1.05; and, unless invited or directed by the presiding judge, shall not be addressed or presented to the Court in the form of a letter or the like. All pleadings and papers to be filed shall be filed with the Clerk of the Court and not with the judge thereof, except as provided by Rule 1.03(c) of these Rules.
>
> * * *
>
> (h) All dispositive motions must be so designated in the caption of the motion. All dispositive motions which are not decided within one hundred and eighty (180) days of the responsive filing (or the expiration of the time allowed for its filing under the local rules) shall be brought to the attention of the district judge by the movant by filing a "Notice To the Court" within ten days after the time for deciding the motion has expired. Movant shall file an additional "Notice To The Court" after the expiration of each and every additional thirty day period during which the motion remains undecided. Movant shall provide the Chief Judge of the Middle District with a copy of each and every "Notice To The Court" which movant is required to file under this rule.

Plaintiff contends that the motions to dismiss should be stricken because they are not divided into two parts: a motion and a memorandum of law. The movants' incorporated their legal authorities and analysis into separately numbered paragraphs contained in single documents, but without a section titled "Memorandum of Law." Movants' motions do not violate Local Rule 3.01(a) and they are not otherwise impertinent or scandalous. In addition, the Local Rules do not provide for the striking of a paper because it violates Local Rule 3.01. Consequently, Plaintiff's motion on this ground is due to be denied.

Next, Plaintiff argues that the motions to dismiss should be stricken because they are not in the form required by Local Rules 1.05 and 3.01. With the exception of movants' failure to comply with Local Rule 3.01(h), which deficiency has been

corrected, the Court disagrees.  Again, the motions are not impertinent or scandalous and Plaintiff's motion on this ground is due to be denied.

Finally, Plaintiff says, correctly, that movants failed to state in the captions of their motions, that movants are seeking dispositive relief.  Movants have filed amended motions to correct this error.  (Docs. 67 & 68).

Accordingly, upon due consideration:

(1) Plaintiff's motion to strike based upon Local Rules 3.01(a) and (f) is DENIED; and

(2) Plaintiff's motion to strike based upon Local Rule 3.01(h) is DENIED AS MOOT.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on September 6, 2012.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel